Robert L. SCHULZ and John Liggett, Plaintiffs–Appellants,

v.

Douglas KELLNER, Individually and as Commissioner of the New York State Board of Elections, Evelyn Aquila, Individually and as Commissioner of the New York State Board of Elections, Helena Moses Donahue, Individually, James A. Walsh, as Commissioner of the New York State Board of Elections, and Gregory P. Peterson, as Commissioner of New York State Board of Elections, Defendants–Appellees.*

No. 11–4894–cv.

United States Court of Appeals, Second Circuit.

June 22, 2012.

* The Clerk of Court is directed to amend the official caption as shown above.

Robert L. Schulz, pro se, Queensbury, N.Y. (John Liggett, pro se, NY, New York, on the brief).

Paul M. Collins, Deputy Special Counsel, New York State Board of Elections, Albany, NY, for Appellees.

**SUMMARY ORDER**

Plaintiffs Robert L. Schulz and John Liggett, proceeding *pro se*, appeal the denial of their motion for reconsideration of the dismissal of their amended complaint for lack of standing and mootness.[1] We review the denial of Fed.R.Civ.P. 59(e) and 60(b) motions for abuse of discretion, *see Johnson v. Univ. of Rochester Med. Ctr.*, 642 F.3d 121, 125 (2d Cir.2011) (Rule 60(b)); *Schwartz v. Liberty Mut. Ins. Co.*, 539 F.3d 135, 150 (2d Cir.2008) (Rule 59(e)), and the dismissal of a complaint for lack of standing and mootness *de novo*, *see Amador v. Andrews*, 655 F.3d 89, 95 (2d Cir.2011) (mootness); *Selevan v. N.Y. Thruway Auth.*, 584 F.3d 82, 88 (2d Cir. 2009) (standing). We assume the parties' familiarity with the underlying facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

"In order to have standing to bring suit, a plaintiff is constitutionally required to have suffered (1) a concrete, particularized, and actual or imminent injury-in-fact (2) that is traceable to defendant's conduct and (3) likely to be redressed by a favorable decision." *Woods v. Empire Health Choice, Inc.*, 574 F.3d 92, 96 (2d Cir.2009). Plaintiffs alleged that the New York State Board of Elections' adoption of voting procedures involving the use of computers and other machines violated New Yorkers' rights to have their votes accurately counted during the 2008 elections, "[d]ue to the enhanced probability and inevitability of machine error and human fraud during the primaries." Am. Compl. ¶ 251. Like the district court, we conclude that the bare allegation of conjectural future harm does not satisfy the constitutional requirement that plaintiffs allege a concrete and particularized injury-in-fact.

We have considered plaintiffs' remaining arguments on appeal and conclude that they are without merit. Accordingly, the order denying reconsideration is AFFIRMED.

---

1. Because plaintiffs' notice of appeal states that they appeal only the denial of reconsideration, we lack jurisdiction to review arguments decided by the district court in the underlying dismissal order that were not renewed in plaintiffs' motion for reconsideration. *See* Fed. R.App. P. 3(c)(1)(B); *"R" Best Produce, Inc. v. DiSapio*, 540 F.3d 115, 121 (2d Cir.2008) (holding that court reviewing appeal from denial of reconsideration has jurisdiction to review arguments decided in the underlying order only if renewed in motion for reconsideration). Accordingly, we lack jurisdiction to review plaintiffs' challenges to the dismissal of their Contracts Clause claim and to the magistrate judge's confidentiality order.